IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**GARY LEE CHANDLER,**

    **Plaintiff,**

v.                                      Civil Action No. 2:10-cv-0002

**CHEVRON USA, INC.,**

    **Defendant.**

## NOTICE OF REMOVAL

Defendant Chevron USA, Inc. ("Chevron"), by counsel, removes this civil action pending in the Circuit Court of Kanawha County, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal pursuant to diversity jurisdiction is proper because the amount in controversy exceeds $75,000 and the parties are citizens of different states. Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within 30 days following service of the Amended Complaint in the state court civil action. As grounds for this removal, Chevron states as follows:

### I.   PROCEDURAL BACKGROUND

1. On March 30, 2010, Plaintiff Gary Lee Chandler ("Plaintiff") commenced this civil action by filing a Complaint in the Circuit Court of Kanawha County, West Virginia, styled *Gary Lee Chandler v. Chevron Corporation*, Civil Action No. 10-C-614 ("Civil Action").[1]

2. Plaintiff never served Chevron with this original Complaint.

---

[1] In this original Complaint, Plaintiff incorrectly identified Defendant Chevron USA, Inc. as "Chevron Corporation." Plaintiff corrected this error in his Amended Complaint, filed on December 1, 2010.

3. On December 1, 2010, Plaintiff filed an Amended Complaint in the Civil Action, styled *Gary Lee Chandler v. Chevron USA, Inc. (identified as Chevron Corporation in the original Complaint)* ("Amended Complaint").

4. Chevron was served with the Amended Complaint on December 2, 2010.

5. Pursuant to 28 U.S.C. § 1446(a), a certified copy of the docket sheet and a copy of all pleadings that have been filed in the Civil Action are attached hereto as Exhibit A, and constitute the only process, pleadings or orders that have been filed in the Civil Action.

## II.  REMOVAL IS PROPER PURSUANT TO DIVERSITY JURISDICTION

6. This Court has original jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of fees and costs, and the Civil Action is between citizens of different states. Accordingly, the Civil Action may be removed to this Court pursuant to 28 U.S.C. § 1441.

7. This Court is the District Court embracing Kanawha County, West Virginia where the Civil Action is currently pending. L.R. Civ. P. 77.2.

**A.  Complete diversity exists among the parties.**

8. Plaintiff alleges that he is a resident of the State of West Virginia. (Am. Compl. ¶ 2).

9. Defendant Chevron is a Delaware corporation with its principal place of business in San Ramon, California. (Am. Compl. ¶ 3).

10. Accordingly, diversity of citizenship exists pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of West Virginia and Chevron is not a resident of the State of West Virginia.

**B.     The amount in controversy threshold has been satisfied.**

11.     The amount in controversy in diversity actions must exceed $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000.  *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005); *Virden v. Altria Group, Inc.*, 304 F. Supp. 2d 832, 847 (N.D. W. Va. 2004).

12.     "[I]t is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (*citing Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir.1964)); *Patton v. Fifth Third Bank*, 2006 WL 771924, *1 (S.D. W. Va. 2006) (stating that the "amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of her case as it stands at the time of removal" and that in "calculating that amount, the court may consider the 'entire record before it and make an independent evaluation' of whether the amount in controversy is satisfied"); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 413 (S.D. W. Va. 2005) (stating that "the amount in controversy, if not specified in the complaint, must be determined on the likely monetary relief that may be granted to the plaintiffs if they succeed on all of their claims asserted in good faith.").

13.     The amount in controversy threshold is met in this Civil Action because the relief that may be granted to Plaintiff if he succeeds on all of his claims exceeds the minimum amount required for removal under 28 U.S.C. § 1332.

14.     Plaintiff's Amended Complaint alleges, among other things, that Chevron is the "owner" of certain underground storage tanks ("USTs") pursuant to the West Virginia

Underground Storage Tank Act, W. Va. Code §§ 22-17-1 *et seq.*, and is therefore responsible for all costs incurred by Plaintiff and any third parties to remove and take corrective action with regard to contamination associated with those USTs.  (Am. Compl. ¶¶ 18-24).

15.     The Amended Complaint alleges that over $180,000 in response costs have been expended in connection with removal and remediation efforts related to the USTs.  (Am. Compl. ¶ 47).

16.     The Amended Complaint further alleges that Chevron engaged in intentional and fraudulent misrepresentation with regard to the ownership of the USTs.  (Am. Compl. ¶¶ 25-54).

17.     Plaintiff asserts that he has "suffered pecuniary damages in an amount exceeding $75,000.00" as a result of Chevron's alleged misrepresentations, and seeks punitive damages in addition to compensatory damages.  (Am. Compl. ¶¶ 54 and 67-79).

18.     Accordingly, the amount in controversy in the Civil Action exceeds the $75,000 threshold for removal pursuant to 28 U.S.C. § 1332(a).

**C.     The Notice of Removal is timely.**

19.     Removal is timely pursuant to 28 U.S.C. § 1446(b) if it is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

20.     As noted above, Chevron was served with the Amended Complaint on December 2, 2010.

21.     Because the thirtieth day following service of the Amended Complaint is Saturday, January 1, 2011, the applicable deadline for filing a notice of removal of the Civil Action is extended until Monday, January 3, 2011.  Fed. R. Civ. P. 6(a).

22.     Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed by Chevron within the statutory deadline following Chevron's receipt of the Amended Complaint.

23.     Accordingly, this Court has diversity jurisdiction because the citizenship of the parties is completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

24.     True and correct copies of this Notice of Removal with accompanying exhibits and a Notice of Removal of this Civil Action to Federal Court directed to the Circuit Court of Kanawha County, West Virginia, are being served upon Plaintiff's counsel and filed with the Clerk of that court, in accordance with the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE,** Defendant Chevron USA, Inc. files this Notice of Removal so that the state court action under Civil Action No. 10-C-614 now pending in the Circuit Court of Kanawha County, West Virginia, shall be removed to this Court for all further proceedings.

**CHEVRON USA, INC.,**

**By Spilman Thomas & Battle, PLLC**

/s/Alexander Macia
Alexander Macia (WV Bar No. 6077)
Allyn G. Turner (WV Bar No. 5561)
M. Katherine Crockett (WV Bar No. 10799)
PO Box 273
Charleston, West Virginia 25321
Telephone:  (304) 340-3800
Facsimile:  (304) 340-3801
amacia@spilmanlaw.com
aturner@spilmanlaw.com
kcrockett@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**GARY LEE CHANDLER,**

    **Plaintiff,**

v.                                  **Civil Action No.** 2:10-cv-0002

**CHEVRON USA, INC.,**

    **Defendant.**

## CERTIFICATE OF SERVICE

    I, Alexander Macia, counsel for defendant Chevron USA, Inc., do hereby certify that on January 3, 2011, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Richard L. Lewis, Esquire
> Marc C. Bryson, Esquire
> Steptoe & Johnson PLLC
> 707 Virginia St. E. Ste. 800
> Post Office Box 1588
> Charleston, WV 25326-1588
> *Counsel for Plaintiff*

                                      /s/Alexander Macia
                                      Alexander Macia (WV Bar No. 6077)